IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                          Criminal No. 17-1723 WJ

ETHAN GUILLEN,

        Defendant.

## **MEMORANDUM OPINION AND ORDER RE: DETENTION**

THIS MATTER came before the Court following the evidentiary hearing held August 24, 2017 on Defendant's Opposed Motion to Modify Conditions for Release *(Doc. 19)*. AUSA Howard Thomas appeared for the Government, and Attorney Dan Tallon appeared for Defendant Guillen. The Court denied the Motion, entered its Order of Detention *(Doc. 26)* and now sets forth its findings and rationale for that decision.

Eighteen-year-old Ethan Guillen has been charged by the federal Grand Jury with Possession of an Unregistered Destructive Device in violation of 26 U.S.C. § 5861(d) and Malicious Attempt to Destroy by Means of Fire or an Explosive Any Building or Other Real and Personal Property Used in Interstate and Foreign Commerce in violation of 18 U.S.C. § 844(i). *Doc. 10* (Redacted Indictment). Defendant Guillen allegedly placed a "pressure cooker bomb" under the bed of his former girlfriend with a timer set to go off in the early morning hours following her high school graduation ceremony. Fortunately, the improvised explosive device failed to function as designed.

As an initial matter, the Court clarifies that the Government did not meet its burden of showing by a preponderance of the evidence that Defendant Guillen poses a significant flight risk. Instead, the Court bases its decision to detain on evidence that Defendant poses a significant risk of danger to the community.

Also at the August 24 hearing, the Court asked counsel whether the Bail Reform Act's rebuttable presumption for detention applies in this case. Counsel for the United States indicated that it does arise pursuant to 18 U.S.C. § 3142(f)(1)(A) on the basis that a charge in this case constitutes a "crime of violence." Defense Counsel concurred that the "Section 844(i)" charge qualifies as a crime of violence under § 3142(f)(1).

The Court finds, however, that a crime of violence charge *alone* is insufficient to raise the rebuttable presumption. The so-called "previous violator" provision requires that three additional conditions be satisfied that are not present here:

> In a case described in subsection (f)(1) of this section, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if such judicial officer finds that--
>
> (A) the person has been convicted of a Federal offense that is described in subsection (f)(1) of this section, or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;
>
> (B) the offense described in subparagraph (A) was committed while the person was on release pending trial for a Federal, State, or local offense; ***and***
>
> (C) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in subparagraph (A), whichever is later.

18 U.S.C. § 3142(e)(2) (emphasis added). Because Defendant Guillen has no prior convictions, this provision simply does not apply.

Even in the absence of the rebuttable presumption, however, the Court finds that the Government has met its burden to show by clear and convincing evidence that there are no conditions for Ethen Guillen's release pending trial that would reasonably assure the safety of the alleged victim and other members of the community. Looking to the factors set forth in the Bail Reform Act, the Court finds as follows:

- the crime charged is one of violence involving a homemade IED.

- the weight of the evidence is very strong – physical evidence (including, but not limited to, the use of a soldering iron and pressure cooker purchased by his father as components of the functional explosive device, burn marks on a backyard table evidencing testing of such a device, napalm-like flammable liquid and objects intended to be shrapnel within the device, computer search queries for instructions creating an IED) and statements by Defendant (confession and statement by Defendant that he knew the people in the apartment would likely die).

- the history and characteristics of Defendant Guillen do not indicate any past violent acts, criminal charges, or substance abuse. Defendant was residing during the week with his father and with his mother on weekends at the time of the incident, but there is no indication that they were aware of his activities related to researching and manufacturing the device or his intention to use it to harm his former girlfriend. Defense Counsel argued that Defendant is now receiving treatment for his depression and therefore stabilized, but no medical opinions to that effect were offered.

- the alleged victim and her parents are distraught and fearful if Defendant is released into the community pending trial, and they felt that placement with his mother in Santa Fe would be insufficient to reasonably assure their safety; the Court finds that

the incident demonstrates Defendant's intelligence, adaptability and perseverance in achieving what he wants to accomplish.

    In summary, because the above factors show that there is no combination of conditions for release that would reasonably assure the safety of the community, Defendant's motion is **denied** and he will remain detained pending trial.

                                                                    _____
                                                   UNITED STATES CHIEF MAGISTRATE JUDGE